

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2009

# Holsworth v. Berg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Holsworth v. Berg" (2009). *2009 Decisions*. Paper 1526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4033
_____

RICHARD HOLSWORTH; ELIZABETH HOLSWORTH

v.

PHILIP J. BERG; CARPENTERS HEALTH AND WELFARE FUND OF
PHILADELPHIA AND VICINITY; CARPENTERS PENSION AND
ANNUITY FUND OF PHILADELPHIA AND VICINITY; CARPENTERS
SAVINGS FUND OF PHILADELPHIA AND VICINITY;
CARPENTERS
JOINT APPRENTICE COMMITTEE; NATIONAL APPRENTICESHIP AND
HEALTH AND SAFETY FUND; METROPOLITAN REGIONAL COUNSEL
OF CARPENTERS, EASTERN FUND; UNITED BROTHERHOOD OF
CARPENTERS; CARPENTERS POLITICAL ACTION COMMITTEE OF
PHILADELPHIA AND VICINITY

Philip J. Berg,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 05-CV-01116
District Judge: The Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2009

Before: McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 17, 2009)

1

SMITH, *Circuit Judge.*

Philip J. Berg appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for reconsideration of the sanctions it imposed pursuant to Federal Rule of Civil Procedure 11.[1] For the reasons set forth below, we will affirm.

Berg, a Pennsylvania attorney, represented Richard Holsworth, who was a defendant in a civil action brought by the Appellees (hereafter referred to as "Carpenters Funds") in 2001 to collect amounts due under ERISA. After default judgment was entered in favor of the Carpenters Funds and against Holsworth in 2002, Holsworth sued Berg in state court in 2004, alleging legal malpractice. In response, Berg filed not only an answer to Holsworth's complaint, but also a third-party complaint against the Carpenters Funds that alleged that they had collected more than their due in the ERISA action and had perpetrated a "fraud upon the Court . . . ." The Carpenters Funds immediately

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. Although the underlying civil action was remanded to the Philadelphia Court of Common Pleas, the District Court retained jurisdiction to resolve the motion for sanctions under Rule 11. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–95 (1990). We have jurisdiction under 28 U.S.C. § 1291. Although this appeal was subsequently stayed pursuant to 11 U.S.C. § 362 as a result of Berg's filing of a voluntary petition under Chapter 13 of the Bankruptcy Code, we may proceed as the stay of this appeal was lifted by an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated February 7, 2008.

notified Berg by letter that his third-party complaint was baseless and that the Carpenters Funds would seek sanctions if the third-party complaint was not dismissed.

Berg did not respond. The Carpenters Funds removed the matter to the District Court, filed a motion for summary judgment, and sought leave to file a motion for sanctions under Rule 11. Berg did not oppose the motion. The District Court granted summary judgment in favor of the Carpenters Funds, as well as leave to file a motion for sanctions. The motion for sanctions was promptly filed, seeking $10,668.78 in attorneys' fees and cost incurred in the third-party action. The Court granted a request from Berg's office for an extension of time, but Berg failed to file any opposition to the motion. In a thorough memorandum, the District Court explained that Berg's third-party complaint was frivolous on several grounds. The Court imposed sanctions against Berg, which directed, *inter alia*, that Berg pay the requested attorneys' fees and costs and that he complete six hours of continuing legal education (CLE) in ethics.

Berg filed a timely motion for reconsideration. He did not dispute the District Court's determination that the third-party complaint was frivolous on several grounds. Instead, Berg urged the Court, in the interest of justice, to reconsider the monetary assessment and the CLE requirement because of extenuating circumstances. Berg asserted that such reconsideration was appropriate where a Court's decision is based on untimely responses. The District Court rejected Berg's invitation to reconsider the sanctions it had imposed. It explained that Berg's untimely responses had no bearing on the determination that his third-party complaint was frivolous. It concluded there was no

3

basis to grant the relief Berg requested because the applicable law had not changed and the facts that Berg raised were known before the motion for sanctions had been filed.

This timely appeal followed. On appeal, Berg does not take issue with the District Court's determination that the filing of the third-party complaint was frivolous and warranted the imposition of sanctions. Instead, he asserts that the sanctions imposed were excessive, that he has completed the mandated CLE hours, and that the monetary sanction should be forgiven or reduced. In an attempt to mitigate the sanctions imposed, Berg again cites to the extenuating circumstances he brought to the District Court's attention in his motion for reconsideration.

Although Berg did not identify whether his motion for reconsideration was pursuant to Rule 59(e) or Rule 60(b), we view such a motion "as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment." *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) (internal citation omitted). "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks, brackets and citation omitted). We review the denial of a motion for reconsideration for an abuse of discretion. *Id.*

Berg's contention that reconsideration should have been granted in light of the extenuating circumstances he brought to the attention of the District Court is not

persuasive. Most of the circumstances on which Berg relies existed before the Carpenters Funds even filed their motion for sanctions. As a result, these circumstances did not constitute new evidence in favor of reconsideration. For that reason, we conclude that the District Court did not abuse its discretion in denying the motion for reconsideration.

Because Berg's appeal of the denial of his motion for reconsideration was timely, it "brings up the underlying judgment for review." *Fed. Kemper*, 807 F.2d at 348 (internal citation and quotation marks omitted). Berg does not challenge the determination to impose sanctions. Rather, he challenges the severity of the sanction, contending that the amount assessed was excessive. We cannot ignore, however, that despite notice of the amount sought, Berg never challenged the severity of the sanctions imposed. In the motion for reconsideration, Berg sought to excuse what he perceived as the reason for the sanctions, but he did not contend that the sanctions were excessive. In *Newark Morning Ledger Co. v. United States*, 539 F.2d 929 (3d Cir. 1976), we observed that we "generally refuse to consider issues that are raised for the first time on appeal." *Id.* at 932. "This general rule applies with added force where the timely raising of the issue would have permitted the parties to develop a factual record." *In re Am. Biomaterials Corp.*, 954 F.2d 919, 927–28 (3d Cir. 1992) (citing *Newark Morning Ledger*, 539 F.2d at 932–33). Accordingly, we will not disturb the sanctions imposed by the District Court.